UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:24-cr-00242-DC |
| Plaintiff, | |
| v. | ORDER DENYING MOTION TO DISMISS INDICTMENT |
| ANTHONY CARTER, | (Doc. No. 163) |
| Defendant. | |

This matter is before the court on the motion to dismiss the indictment filed by Defendant Anthony Carter on May 26, 2026. (Doc. No. 163.) On June 3, 2026, the Government filed an opposition to Defendant's motion. (Doc. No. 166.) Defendant did not file a reply thereto. Neither party requested oral argument on the pending motion. For the reasons explained below, the court will deny Defendant's motion.

On August 15, 2024, Defendant was indicted on one count of violation of 18 U.S.C. § 922(g)(1) – felon in possession of a firearm. (Doc. No. 1.) Section 922(g)(1) provides that:

> It shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1).

1

On May 12, 2026, at the conclusion of a two-day jury trial, the jury returned a verdict finding Defendant guilty of being a felon in possession of a firearm in violation of § 922(g)(1). (Doc. No. 158.) In the pending motion, Defendant moves the court to dismiss the indictment and vacate his conviction "on the basis that it represents an unconstitutional extension of the Commerce Clause." (Doc. No. 163 at 1.) Defendant argues that the evidence presented at trial "showed only that the firearm traveled to California from another state at some unspecified time," and his "possession of the firearm and his act of placing it under a trash can did nothing to affect commerce." (*Id.* at 3–4.) Defendant acknowledges that the Ninth Circuit has "unwaveringly" rejected such Commerce Clause challenges to § 922(g)(1), but he filed the pending motion to dismiss raising this argument in order to preserve the issue for appeal. (*Id.* at 3) (quoting *United States v. Cortes*, 299 F.3d 1030, 1037 n.2 (9th Cir. 2002)).

Indeed, the Ninth Circuit has "repeatedly upheld § 922(g), both facially and as applied, in the face of Commerce Clause challenges." *United States v. Latu*, 479 F.3d 1153, 1156 (9th Cir. 2007). As with other district courts within this circuit who have faced similar motions to dismiss, this court too is bound by Ninth Circuit precedent and must deny Defendant's motion to dismiss the indictment. *See United States v. Daniels*, No. 24-cr-00035-JSC-1, 2025 WL 3657331, at *1 (N.D. Cal. Dec. 16, 2025) (denying motion to dismiss indictment that argued § 922(g)(1) exceeds Congress's authority under the Commerce Clause and noting that "*Latu* remains binding precedent in the Ninth Circuit"); *United States v. Aguilera*, No. 23-cr-00217-WHA, 2024 WL 4778045, at *1 (N.D. Cal. Nov. 12, 2024) (rejecting argument that § 922(g)(1) "falls outside the boundaries" of the "bases for jurisdiction under the Commerce Clause," emphasizing that "[t]he law in our circuit [] is settled").

Thus, Defendant's motion to dismiss the indictment (Doc. No. 163) is DENIED.

IT IS SO ORDERED.

Dated:    **June 29, 2026**

_____
Dena Coggins
United States District Judge

2